IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICKY LOREN BLACKBIRD,<br><br>Defendant. | Cause No. CR 05-174-GF-BMM-1<br><br><br>ORDER |

# INTRODUCTION

Defendant Ricky Loren Blackbird ("Blackbird") filed a motion for compassionate release on April 22, 2024. (Doc. 217.) Blackbird's counsel filed a supplemental motion for compassionate release on July 9, 2024. (Doc. 223.) Blackbird argues that extraordinary and compelling reasons exist for his release because his mother struggles from Stage III chronic obstructive pulmonary disease ("COPD") and needs a caretaker. (*Id.* at 8–9.) The Government failed to respond to Blackbird's motion.

# FACTUAL BACKGROUND

A jury found Blackbird guilty of Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine in violation of 21 U.S.C. § 846, Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1), Maintaining Drug-Involved Premises in violation of 21 U.S.C. § 856, Use

1

or Possession of Firearms During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A), Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), and Possession of a Firearm by Person Convicted of Misdemeanor Crime of Domestic Violence in violation of 18 U.S.C. § 922(g)(9). (Doc. 1; Doc. 84.) The Court sentenced Blackbird to the custody of the Bureau of Prisons ("BOP") for a period of 240 months on each drug charge to run concurrently. (Doc. 118 at 3.) The Court further sentenced Blackbird to 120 months on the charges for felon in possession and possession of a firearm by person convicted of domestic violence offense. (*Id.*) The Court ordered that those sentences run concurrently with the drug charges. (*Id.*) The Court sentenced Blackbird to 60 months on his charge for use or possession of a firearm in relation to a drug trafficking crime. (*Id.*) The Court ordered that sentence to run consecutively to the other sentences imposed. (*Id.*) Blackbird's custodial sentence totaled 300 months. (*Id.*)

Blackbird has now filed a motion for compassionate release citing family circumstances, an unusually long sentence, and his own medical conditions as grounds warranting his release. (Doc. 217-2 at 32.) The Inmate Locator provided by the BOP lists a projected release date of July 23, 2028. *See* Inmate Locator, https://www.bop.gov/inmateloc (accessed July 22, 2024). Blackbird is incarcerated at Montgomery FPC. *See id.*

2

# DISCUSSION

Blackbird has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582. Blackbird contends that extraordinary and compelling reasons exist for reducing Blackbird's sentence and that the § 3553(a) factors support such a reduction. The Government failed to respond to the motion.

I. **Motion for Compassionate Release**

   a. **Availability of Relief Under 18 U.S.C. § 3582**

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). The Court may modify a term of imprisonment upon motion of a defendant if the Court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission" when the Court is considering the reduction of a defendant's term of imprisonment. *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant

alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the United States Sentencing Commission ("USSC") to issue a policy statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines ("USSG"), titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"), previously only provided a policy statement for motions filed by the BOP director. Amendments to USSG § 1B1.13 took effect on November 1, 2023. "The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement applicable to both defendant-filed and BOP-filed motions." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

Section 1B1.13(b) outlines several categories of circumstances that constitute extraordinary and compelling reasons for reducing a defendant's sentence. USSG § 1B1.13(b). These categories include the following: (1) medical circumstances; (2)

4

advanced age of the defendant; (3) family circumstances; (4) the defendant was a victim of abuse while incarcerated; and (5) unusually long sentences. USSG § 1B1.13(b). Section 1B1.13(b)(5) further provides a catchall category where "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the [other described reasons], are similar in gravity to [the other described reasons]." USSG § 1B1.13(b)(5). The USSC established the catchall "other reasons" provision to acknowledge that "what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts, rather than through an effort by the Commission to predict and specify in advance all of the grounds on which relief may be appropriate." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 10.

### A. Exhaustion of Remedies

Blackbird appropriately exhausted his administrative remedies before filing his motion for compassionate release. Blackbird submitted a request for compassionate release on February 10, 2024, to the warden of the facility in which Blackbird is incarcerated. (Doc. 224-1 at 7; Doc. 217-1 at 4.) The BOP denied Blackbird's request on April 1, 2024. (Doc. 224-1 at 6.) Blackbird exhausted his

administrative remedies because more than 30 days elapsed between the submission of Blackbird's request to the warden and the BOP's response. 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

Blackbird asserts three primary reasons for a compassionate release. Blackbird raises his family circumstances, his unusually long sentence, and his own medical circumstances as grounds supporting a reduction of Blackbird's sentence to time served.

#### i. Medical Circumstances

Section 1B1.13(b)(1) outlines when medical circumstances constitute extraordinary and compelling reasons for a sentence reduction. Medical circumstances constitute extraordinary and compelling reasons where the defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care" and from which the defendant "is not expected to recover." USSG § 1B1.13(b)(1)(B). Extraordinary and compelling reasons also exist where the defendant suffers from a "condition that requires long-term or specialized care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." USSG § 1B1.13(b)(1)(C).

Blackbird argues that his medical conditions constitute extraordinary and compelling reasons for a sentence reduction. Blackbird points to his diagnoses for

an umbilical hernia, hypertension, presbyopia, hyperlipidemia, obesity, allergies, and lipomatous neoplasm. (Doc. 217-2 at 21.) The Court recognizes that Blackbird has been diagnosed with these conditions. Blackbird failed to include, however, progress notes or similar medical documentation. The Court cannot determine the severity of Blackbird's conditions, the care that his conditions require, or the effects that his conditions have on his ability to function without such documentation. Blackbird's medical records indicate that Blackbird has no medical restrictions and low care designations. (*See* Doc. 224 -1 at 3; Doc. 217-2 at 26.) No evidence exists to suggest that Blackbird's medical circumstances "substantially diminish" his ability to provide self-care or require long-term or specialized care.

Blackbird also emphasizes his increased risk of COVID and increased risk of COVID complications due to his hypertension. (Doc. 224 at 6.) Blackbird has failed to demonstrate, however, that Montgomery FPC has an outbreak of COVID or that any increased risk "cannot be adequately mitigated in a timely manner." USSG 1b1.13(b)(1)(D)(iii). Blackbird's medical circumstances fail to rise to the level of extraordinary and compelling reasons for a sentence reduction.

### ii. Family Circumstances

Section 1B1.13(b)(3)(C) of the USSG provides that extraordinary and compelling reasons exist upon "[t]he incapacitation of the defendant's parent when

7

the defendant would be the only available caregiver for the parent." Blackbird notes that his seventy-two-year-old mother suffers from severe COPD and requires an in-home caregiver to assist her with day-to-day tasks. (Doc. 224 at 9.) Blackbird is his mother's only child, and his mother is widowed. (*Id.*) Blackbird submitted medical records for his mother evidencing her diagnosis of Stage III COPD with emphysema and chronic respiratory failure with hypoxia. (Doc. 217-2 at 9.)

Blackbird notes that COPD constitutes a "progressive and fatal disease" that gradually will reduce his mother's ability to function and her quality of life. (Doc. 224 at 8.) Blackbird's mother suffers from chronic respiratory failure. (Doc. 217-2 at 9.) Her medical records document decreased breath sounds and respiratory symptoms aggravated by moderate activity. (Doc. 217-2 at 9, 15.) The Court notes that Blackbird's mother appears to be approaching incapacitation and that further deterioration of her health is likely given her diagnosis. Blackbird appears to be the only caregiver available. Blackbird's mother is widowed, and Blackbird is her only child. The Court finds these circumstances constitute extraordinary or compelling reasons to warrant a reduction of Blackbird's sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

### iii. Unusually Long Sentence

Section 1B1.13(b)(6) of the USSG provides that extraordinary and compelling reasons may exist where the defendant received an unusually long sentence, the

8

defendant has served at least ten years, and a change in the law has occurred. USSG 1B1.13(b)(6). The change in the law must "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Id.*

Blackbird has served over 17 years. (Doc. 224-1 at 5.) Blackbird has served almost 20 years accounting for good time credit. The jury found Blackbird guilty of possessing with intent to distribute more than 50 grams of methamphetamine. (Doc. 84 at 2.) This finding triggered a mandatory minimum of 20 years because Blackbird had previously been convicted of a felony drug offense. 21 U.S.C. § 841(b)(1)(A)(viii) (2006). Congress amended 21 USC. § 841 in 2018 to reduce the mandatory minimum to 15 years and apply that minimum only where there existed prior "serious drug felon[ies] or serious violent felon[ies]." "Serious drug felony" is defined through reference to 18 U.S.C. § 924(e)(2). 21 U.S.C. § 802(57). A serious drug felony under state law is one which involves "manufacturing, distributing, or possessing with intent to manufacture or distribute" and carries a maximum term of imprisonment of at least ten years. 18 U.S.C. § 924(e)(2)(A)(ii).

Blackbird, at the time of sentencing, had a prior felony conviction for criminal possession of dangerous drugs that triggered the 20-year mandatory minimum. This prior conviction does not meet the definition of a "serious drug felony" under the

9

current law. Blackbird would be subject to only a 10-year mandatory minimum if sentenced today followed by the 5-year consecutive mandatory minimum for possessing the firearm in relation to the drug offenses. Blackbird's sentence of 25 years proves grossly disparate to the 15-year sentence he likely would face if sentenced today. The Judiciary Sentencing Information provided by the USSC indicates that similarly situated defendants with the same primary guideline, primary drug type, and a consecutive mandatory minimum pursuant to § 924(c) received an average sentence of 244 months. *See* https://jsin.ussc.gov/analytics/saw.dll?Dashboard. The median sentence length for such defendants was 228 months. *See id.* Blackbird was sentenced to over five years longer than those comparable defendants. The Court finds that Blackbird presents extraordinary and compelling reasons for a sentence reduction.

### C. Section 3553(a) Factors and Danger Posed by the Defendant

The Court still must determine whether the defendant represents a danger to the safety of others or the community and whether the requested reduction would comport with the § 3553(a) factors. USSG § 1B1.13(a); 18 U.S.C. 3582(c)(1)(A). Section 3553(a) of Title 18 of the United States Code provides:

> The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

>   (2) the need for the sentence imposed—
>       (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>       (B) to afford adequate deterrence to criminal conduct;
>       (C) to protect the public from further crimes of the defendant; and
>       (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The Court also must consider the kinds of sentences available, the need to provide restitution to any victims, the recommended guideline sentence, any pertinent policy statement, and the need to avoid unwarranted sentence disparities. (*Id.*) Section 3142(g) of Title 18 of the United States Code outlines similar considerations for determining whether someone represents a danger to the safety of others or the community. These factors include the nature and characteristics of the offense and the history and characteristics of the defendant.

Blackbird committed a non-violent drug offense. Blackbird possessed a firearm, however, in the commission of that offense. Adequate punishment has been imposed that reflects the seriousness of Blackbird's offense. Blackbird has served over 17 years in prison and nearly 20 years when accounting for the good time credit that Blackbird has earned. Adequate deterrence also appears to have been achieved. Blackbird does not appear to have had reports of misconduct while incarcerated. BOP has placed Blackbird in the lowest security placement and allows Blackbird to

11

enter the community unchaperoned for work and medical appointments. These facts support a conclusion that Blackbird does not represent a danger to the community.

Blackbird's needs for programming and treatment also appear to have been satisfied. Blackbird is now 53 years old. Blackbird has earned his GED while incarcerated. Blackbird has completed drug education along with a variety of other courses including career planning, parenting classes, and a victim impact course. (Doc. 224-1 at 2.) Blackbird has engaged in AA meetings and maintained sobriety throughout his incarceration. (Doc. 224 at 10.) The § 3553(a) factors weigh in favor of granting a sentence reduction.

## CONCLUSION

Blackbird has demonstrated that extraordinary and compelling reasons exist for reducing his sentence. Blackbird also has shown that he is not a danger to the community and that a reduction of his sentence proves consistent with the § 3553(a) factors. The Court will grant Blackbird's motion for compassionate release. The Court will stay this order, however, for a period of one hundred twenty (120) days to allow U.S. Probation time to work on a release plan for Blackbird.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Blackbird's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 217; Doc. 223) is **GRANTED.**

2. Pursuant to the original judgment and 18 U.S.C. § 3582(1)(A), the total term of supervised release shall be 10 years.

3. This Order is **STAYED** for up to 120 days.

4. The U.S. Probation Office must verify Blackbird's residence and establish a release plan with an initial placement in a prerelease center for at least 3 months. Blackbird shall be released directly from custody to the Great Falls Pre-Release Center or other approved facility in the District of Montana. Appropriate travel arrangements also must be made.

5. Blackbird shall be released on the earlier of the following dates:
    a. When the U.S. Probation Office is satisfied the requirements of paragraph four have been met; or
    b. One hundred twenty (120) days from the date of this Order.

6. If more than 120 days are needed to accomplish Blackbird's release, the United States must notify the Court and demonstrate cause why the stay of this Order should be extended.

7. The U.S. Probation Office shall review Blackbird's conditions of supervised release. If modifications are needed, the U.S. Probation Office should notify the counsel for both parties.

8. Blackbird must provide the Court with the complete address where he will

reside upon release.

DATED this 26th day of July, 2024.

_____
Brian Morris, Chief District Judge
United States District Court